# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

| | | |
|---|---|---|
| ALLAN P. AUSTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   09-cv-1362 |
| | ) | |
| ANTHONY A. RAMOS, *Warden*, and | ) | |
| ATTORNEY GENERAL OF THE STATE | ) | |
| OF ILLINOIS | ) | |
| | ) | |
| Respondent. | ) | |

## <u>O R D E R  &  O P I N I O N</u>

Petitioner, Allan Austin, who is an inmate at Stateville Correctional Center in Joliet, Illinois, originally filed the instant habeas petition under 28 U.S.C. § 2254 in the Northern District of Illinois.  On October 23, 2009, Judge Charles Norgle, Sr., transferred this case to this Court because the court of Petitioner's state conviction is in McLean County, Illinois, which is within the Central District of Illinois.[1]

Under 28 U.S.C. § 2244, which governs second or successive petitions for writs of habeas corpus, including those made under § 2254, a habeas petitioner who has already filed one habeas petition in the District Court must obtain approval from the Court of Appeals prior to filing a second or successive habeas petition.  28

---

[1]   A state prisoner may file a petition for writ of habeas corpus under 28 U.S.C. § 2254 in either the federal judicial district of his confinement or the federal judicial district of his conviction.  Here, Petitioner filed his action in the Northern District of Illinois, since he is held at Joliet, in Will County, within the Northern District.  However, Judge Norgle transferred the case to this district because, "[g]enerally, given the ready availability of court records and, if necessary, potential witnesses, the district in which the prisoner was convicted is considered the more convenient of the two." (Doc. 6 at 1).

U.S.C. § 2244(b)(3)(A). In his instant petition, Petitioner mentions that he had previously filed a petition for habeas corpus pursuant to § 2254, challenging his state conviction, in this district, which was given case number 08-cv-1304. (Doc. 1 at 4). This earlier matter was filed on October 31, 2008, and Judge Michael Mihm granted the respondent's Motion to Dismiss on January 30, 2009, as the petition was untimely. (Case no. 08-1304: Doc. 10).

Under 28 U.S.C. § 2244(b)(3), this Court has no jurisdiction to hear a second or successive habeas petition without authorization from the Court of Appeals. However, not all subsequent petitions count as "second or successive." The Seventh Circuit has held that "in order for a habeas petition to be considered successive, the previous motion must have been denied on the merits." Garrett v. U.S., 178 F.3d 940, 942 (7th Cir. 1999). In Altman v. Benik, the Seventh Circuit held "that a prior untimely petition does count [under § 2244(b)(3)] because a statute of limitations bar is not a curable technical or procedural deficiency but rather operates as an irremediable defect barring consideration of the petitioner's substantive claims." 337 F.3d 764, 766 (7th Cir.2003). See also Pavlovsky v. VanNatta, 431 F.3d 1063 (7th Cir. 2005) (dismissal of untimely petitions ordinarily "on the merits"[2]); U.S. ex

---

[2]  In Pavlovsky, the Seventh Circuit faced a situation in which the district court had denied a previous habeas petition as untimely, but specified that its decision was "without prejudice." The Court of Appeals reminded district court judges that dismissals because of untimeliness are, and should be labeled as, "with prejudice" in habeas suits, so that they may operate as a previous denial "on the merits" under § 2244(b)(3) barring "second or successive" petitions. In Pavlovsky, the court held that the previous untimely petition did not bar a subsequent petition, but this was only because the state had failed to appeal the "without prejudice" label and because the petitioner may have relied on the district court's label. Here, there was no "without prejudice" label on Judge Mihm's January 30, 2009 Order, and so the

2

rel. Spaulding v. Ramos, 09-c-19512009, WL 3066587, *2 (N.D. Ill. Sept. 23, 2009) (barring second § 2254 petition because previous petition dismissed as untimely).

As Petitioner has already filed a previous habeas petition relating to his state conviction, he needs to obtain an order from the Court of Appeals authorizing this Court to consider his instant petition. There is no indication in his petition that he has done so. Therefore, this matter is DISMISSED WITHOUT PREJUDICE, in order for Petitioner to attempt to obtain such authorization from the Court of Appeals.

CASE TERMINATED.

Entered this 27th day of October, 2009

s/ Joe B. McDade
JOE BILLY McDADE
United States District Judge

---

dismissal was, as is ordinary, "with prejudice" -- therefore, neither of these concerns is present. The Pavlovsky court made clear that, absent the district court's "without prejudice" label, the prior petition would have precluded the subsequent one.