**E-FILED**
Thursday, 10 December, 2009  11:00:18 AM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### PEORIA DIVISION

|  |  |  |
|---|---|---|
| ALLAN AUSTIN, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | Case No.   09-cv-1362 |
| | ) | |
| ANTHONY RAMOS, et al., | ) | |
| | ) | |
| Respondent. | ) | |

## O R D E R  &  O P I N I O N

This matter is before the Court on Petitioner's Notice of Appeal Seeking Authorization from Court of Appeal (Doc. 14), and Motion for Leave to File Petition for Authorization to have the District Court to Here [sic] the Petitioner's Instant Petition (Doc. 13).  On October 27, 2009, this Court dismissed Petitioner's habeas corpus petition under 28 U.S.C. § 2254 without prejudice, as it was a second or successive petition within the meaning of 28 U.S.C. § 2244(b)(3)(A), in order to allow him to obtain leave to file a second or successive habeas petition from the Court of Appeals.  (Doc. 11).

To the extent that Petitioner's Notice of Appeal Seeking Authorization from Court of Appeal is a request for a Certificate of Appealability as to the Court's decision that it had to dismiss the Petition, it is denied.  A Certificate of Appealability may only be issued where the petitioner "has made a substantial showing of the denial of a constitutional right."  28 U.S.C. § 2253(c)(2).  This requirement has been interpreted by the Supreme Court to mean that an applicant

must show that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." Slack v. McDaniel, 529 U.S. 473, 484 (2000). A petitioner need not show that the appeal will succeed, Miller-El v. Cockrell, 537 U.S. 322, 337 (2003), but a petitioner must show "something more than the absence of frivolity" or the existence of mere "good faith" on his part. Id. at 338 (quoting Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). If the district court denies the request, a petitioner may request that a circuit judge issue the Certificate. FED. R. APP. PROC. 22(b)(1)(3).

As noted above, this Court dismissed the Petition because it was a "second or successive" petition within the meaning of 28 U.S.C. § 2244(b)(3)(A), and this Court thus had no jurisdiction over the Petition absent approval from the Court of Appeals. Pavlovsky v. VanNatta, 431 F.3d 1063, 1064 (7th Cir. 2005). In his Notice of Appeal, construed as a request for a Certificate of Appealability, Petitioner has made no showing that the Court's decision was debatable or incorrect. Moreover, the Court has reviewed its Order & Opinion dismissing Petitioner's § 2254 Petition, and finds no basis for a determination that the decision was debatable or incorrect.

As to Petitioner's Motion for Leave to File Petition for Authorization to have the District Court to Here [sic] the Petitioner's Instant Petition (Doc. 13), the Court finds that Petitioner has submitted this Motion to the wrong court. Only the Court of Appeals can grant authorization for the District Court to hear a second or successive habeas petition. Therefore, Petitioner should have submitted this

Motion to the Court of Appeals.  The Clerk of the Court is directed to transfer this Motion to the Court of Appeals.


IT IS THEREFORE ORDERED:

1.      Petitioner's Notice of Appeal Seeking Authorization from Court of Appeal, construed as a request for a Certificate of Appealability (Doc. 14), is DENIED.

2.      The Clerk of the Court SHALL transfer Petitioner's Motion for Leave to File Petition for Authorization to have the District Court to Here the Petitioner's Instant Petition (Doc. 13) to the Court of Appeals.



Entered this 10th day of December, 2009.


                            s/ Joe B. McDade
                         JOE BILLY McDADE
                         United States District Judge